United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40629
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODOLFO CARILLO-GALVAN,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-743-1
---------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rodolfo Carillo-Galvan appeals his guilty plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326.  Carillo-Galvan concedes that both of his appellate arguments are foreclosed.  He raises the issues to preserve them for further review.

Carillo-Galvan argues that his prior state felony convictions for possession of a controlled substance were not "aggravated felonies" under U.S.S.G. § 2L1.2(b)(1)(C) or 8 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1101(a)(43)(B).  This argument is foreclosed by our decision in United States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002), cert. denied, 123 S. Ct. 1948 (2003).

Carillo-Galvan also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Carillo-Galvan's argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235, 239-47 (1998).  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Therefore, the judgment of the district court is AFFIRMED.